# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>HECTOR A. RIOS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-01207-AWI-GBC (PC)<br><br>COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Christian Williams ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1] Plaintiff originally filed this action on July 6, 2010.

---

[1] Although Plaintiff filed his Complaint on a form for filing complaints under 42 U.S.C. § 1983, Section 1983 provides a cause of action for the violation of civil rights by state actors. Plaintiff is only suing federal actors, not state actors. A <u>Bivens</u> action is the appropriate avenue for filing suit against federal actors.

1

(ECF No. 1.) No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening. For the reasons stated below, the Court finds that Plaintiff has not stated a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

////

### III.   SUMMARY OF COMPLAINT

Plaintiff appears to be claiming violations of his due process rights as well as a Bureau of Prison's policy. Plaintiff names the following individuals as Defendants: Hector A. Rios, Warden; Jacqueline Ciufo, Case Manager; and Jessie Gonzalez, Administrative Assistant. All Defendants were employed at United States Penitentiary Atwater at the time of the incident.

Plaintiff alleges the following: On June 22, 2009, Plaintiff was placed in segregation for possession of a weapon. On July 2, 2009, after a disciplinary hearing, Plaintiff was sentenced to 60 days disciplinary segregation. On August 6, 2009, another hearing was held to determine Plaintiff's placement in a special management unit. As of the filing of this Complaint, Plaintiff remained in segregation on administrative detention.

Plaintiff seeks immediate release to the general population at Atwater or a transfer to the general population of another institution,[2] and monetary compensation for every day spent in segregation.

### IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

---

[2] It appears from the record that Plaintiff has been transferred to a different facility. (ECF No. 10.) In his amended complaint, Plaintiff should clarify his relief request if necessary.

3

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Due Process

Although unclear, Plaintiff appears to be arguing that prison officials violated his rights of due process.

Because Plaintiff is a federal prisoner, his claim for denial of his right to due process arises under the Fifth rather than the Fourteenth Amendment, however, the standard remains the same. United States v. Nagel, 559 F.3d 756, 759-60 (7th Cir. 2009)  The guarantees of procedural due process under the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995).  The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (finding no due process claim based on plaintiff's placement in Disciplinary Segregation Unit pending disciplinary hearing because plaintiff had no liberty interest in freedom from state action taken within sentence imposed, and finding that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (finding no protected liberty interest in being free from confinement in the Segregated Housing Unit ("SHU") because placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life).  Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while

4

not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84 (1995). Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. Prison officials also must engage in some sort of periodic review of an inmate's confinement in segregation, Hewitt, 459 U.S. at 477 n. 9; Toussaint, 801 F.2d at 1101, which must amount to more than "meaningless gestures." Toussaint v. Rowland, 711 F.Supp. 536, 540 n. 11 (N.D.Cal. 1989).

Plaintiff states that he was placed in segregation for possession of a weapon; that

5

he had a hearing and was given 60 days disciplinary segregation; and then given another hearing regarding determination of placement in a special management unit. Plaintiff does not describe the hearings at all. He does not state whether he received any kind of due process other than the hearings.

It appears from the current statement of facts that Plaintiff received due process: he was charged and placed in segregation on June 22; he received a hearing on his charge and was sentenced ten days later on July 2; and he received another hearing to assess a different placement exactly 60 days (his sentence term) later. Thus, Plaintiff fails to state a due process claim. To state a due process claim, Plaintiff must describe in greater detail, for example, the notice he received, if any, the hearings, whether he was allowed to present his side of the story, etc. The Court will give Plaintiff <u>one</u> additional opportunity to amend this claim.

### B.     Failure to comply with 28 C.F.R. § 541.22

Plaintiff states that Defendants failed to comply with 28 C.F.R. § 541.22 in violation of Bureau of Prison policy.

The Constitution only requires that prisoners be afforded those procedures mandated by <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), at a prison disciplinary hearing; it does not require that prison officials comply with their own more generous procedures or time limitations. See <u>Walker v. Sumner</u>, 14 F.3d 1415, 1419-20 (9th Cir. 1994) abrogated on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); <u>Rogers v. Okin</u>, 738 F.2d 1, 8 (1st Cir. 1984). Plaintiff should also note that a <u>Bivens</u> action "must be founded upon a violation of constitutional rights," <u>Arcoren v. Peters</u>, 829 F.2d 671, 676 (8th Cir. 1987), and "a failure to adhere to administrative regulations does not equate to

6

a constitutional violation." Hovater v. Robinson, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993).

Plaintiff states that Defendants have violated Bureau of Prison's policy Section 541.22. Plaintiff does not give any further explanation or description regarding this claim. Plaintiff's conclusory statement, without more, does not state a claim. Plaintiff is free to amend this claim, but would be well-served to devote his attention to his other claims.

### C. Cruel & Unusual Punishment

It appears as though Plaintiff may be making an Eighth Amendment violation argument, as he states that he was continuously held in segregation for a significant period of time.

However, segregated confinement, in and of itself, is not a per se violation of the Eighth Amendment's protection against cruel and unusual punishment. According to his complaint, Plaintiff was confined in administrative segregation for, as far as the Court can determine, over one year. The United States Court of Appeals has found that administrative segregation for a period as long as three years was not per se unconstitutional. In re: Long term Admin. Segregation of Inmates, 174 F.3d 464, 471-72 (4th Cir.), cert. denied, 528 U.S. 874 (1999).

In order to properly state a violation of the Eighth Amendment, Plaintiff must show that the segregation deprived him of a basic human need, such as food, clothing, shelter, or medical care, and that he suffered a serious physical or emotional injury as a result. Id. at 472. Plaintiff's Complaint contains no such allegations. Plaintiff does not describe the conditions of segregation at all. The Court will give Plaintiff leave to amend this claim.
////

D.     **Personal Participation and Supervisory Liability**

Plaintiff fails to name any Defendants in his statement of the claim. Thus, perhaps, Plaintiff is arguing that all of the Defendants are liable for the conduct of their subordinates as none of them were present or participated in the complained of conduct as currently described by Plaintiff.

Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so

deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, ___ F.3d ___, 2011 WL 477094, *4, (9th Cir. Feb. 11, 2011).

Plaintiff has not alleged facts demonstrating that any of the Defendants personally acted to violate his rights. In fact, Plaintiff fails to attribute any actions at all to the named Defendants. Upon amendment of his Complaint, he must specifically link each Defendant to a violation of his rights.

**V. CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809

9

F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.   Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants. Plaintiff should focus the amended complaint on claim and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Amended Complaint" and refer

1    to the case number 1:10-cv-1207-AWI-GBC (PC); and

2    3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    April 28, 2011

UNITED STATES MAGISTRATE JUDGE