# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>　　　　　Plaintiff,<br>　　v.<br>HECTOR A. RIOS, et al.,<br>　　　　　Defendants.<br>_____ / | CASE NO.  1:10-cv-01207-AWI-GBC (PC)<br><br>FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**ORDER**

I.　**PROCEDURAL HISTORY**

　　Plaintiff Christian Williams ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff originally filed this action on July 6, 2010. (ECF No. 1.) This Court dismissed this complaint with leave to amend. (ECF No. 11.) Plaintiff filed his First Amended Complaint on May 12, 2011. (ECF No. 12.) No other parties have appeared.

1

Plaintiff's First Amended Complaint is now before the Court for screening. For the reasons stated below, the Court finds that Plaintiff has not stated a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

///
//

### III. SUMMARY OF COMPLAINT

Plaintiff appears to be claiming violations of his due process rights as well as a Bureau of Prison's policy. Plaintiff names the following individuals as Defendants: Hector A. Rios, Warden; Jacqueline Ciufo, Case Manager; and Jessie Gonzalez, Administrative Assistant. All Defendants were employed at United States Penitentiary Atwater at the time of the incident.

Plaintiff alleges the following: On June 22, 2009, Plaintiff was placed in segregation for possession of a weapon, and subsequently, sentenced to 60 days disciplinary segregation. On July 7, 2009, Defendant Ciufo prepared a memo, which was signed by Defendant Rios, recommending Plaintiff's referral to a special management unit. Plaintiff did not receive a copy of this referral which included disciplinary infractions from prior institutions and the new charge. On August 6, 2009, a hearing was held to determine Plaintiff's placement in a special management unit. Plaintiff did not receive any notice prior to this hearing and, thus, could not adequately defend himself. The hearing officer found special management unit placement appropriate.

On August 31, 2009, after completing his disciplinary segregation sentence, Plaintiff continued to be retained in administrative segregation ("ad-seg"). Defendants Rios, Ciufo, and Gonzalez took part in weekly segregation meetings to determine the status of every inmate in secured housing. Plaintiff was retained in ad-seg for over one year without attending a special review hearing, which occurred every 30 days.

On September 28, 2010, Plaintiff was transferred to a different institution which is a special management unit. All Defendants signed off on this transfer.

Plaintiff seeks immediate release to the general population or a transfer to the

3

general population of another institution, and monetary compensation for every day spent in segregation and the special management unit.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Due Process

Although unclear, Plaintiff appears to be arguing that prison officials violated his rights of due process.

Because Plaintiff is a federal prisoner, his claim for denial of his right to due process arises under the Fifth rather than the Fourteenth Amendment, however, the standard remains the same. United States v. Nagel, 559 F.3d 756, 759-60 (7th Cir. 2009) The guarantees of procedural due process under the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995). The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also May v. Baldwin, 109

4

F.3d 557, 565 (9th Cir. 1997) (finding no due process claim based on plaintiff's placement in Disciplinary Segregation Unit pending disciplinary hearing because plaintiff had no liberty interest in freedom from state action taken within sentence imposed, and finding that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (finding no protected liberty interest in being free from confinement in the Segregated Housing Unit ("SHU") because placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life). Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84 (1995). Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the

charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. Prison officials also must engage in some sort of periodic review of an inmate's confinement in segregation, Hewitt, 459 U.S. at 477 n. 9; Toussaint, 801 F.2d at 1101, which must amount to more than "meaningless gestures." Toussaint v. Rowland, 711 F.Supp. 536, 540 n. 11 (N.D.Cal. 1989).

However, challenging the sufficiency of procedures employed in initially placing a prisoner in the secured housing unit is different from challenging the sufficiency of procedures used in determining whether to retain a prisoner in administrative segregation. See Hewitt, 459 U.S. at 477 n. 9, overruled on other grounds by Sandin, 515 U.S. 472; Toussaint, 801 F.2d at 1101; Sheley v. Dugger, 833 F.2d 1420 (11th Cir. 1987). As the United State Supreme Court noted in dicta:

> Prison officials must engage in some sort of periodic review of the confinement of [administratively segregated] inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have been ascertained when determining to confine the inmate to administrative segregation-and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner.

Hewitt, 459 U.S. at 477 n.9, overruled on other grounds by Sandin, 515 U.S. 472. Periodic reviews that a prisoner receives while being held in the administrative segregation unit are sufficient procedural protections to satisfy the Due Process Clause. See Hewitt, 459 U.S. at 477 n. 9, overruled on other grounds by Sandin, 515 U.S. 472; Toussaint, 801

F.2d at 1101 (instructing that while prison officials must engage in some sort of periodic review of the confinement of prisoners held in administrative segregation, this review does not require that prison officials permit the submission of additional evidence or statements); Black v. Parke, 4 F.3d 442, 447-48 (6th Cir. 1993); Sheley v. Dugger, 833 F.2d 1420 (11th Cir. 1987); Pina v. McGrath, 299 Fed.Appx. 726, 727 (9th Cir. 2008) (unpublished); see also McKeithan v. Beard, 322 Fed.Appx. 194, 199 (3d Cir. 2009) (unpublished).

Plaintiff states that he was placed in segregation for possession of a weapon; that he was given 60 days disciplinary segregation; then given another hearing regarding determination of placement in a special management unit; did not receive notice of that hearing; and was held in ad-seg for a year without being allowed to attend any review hearings. Plaintiff states that because he did not receive notice of the initial hearing, he was not afforded the opportunity to prepare an adequate defense, which was especially important because his entire disciplinary history was brought into the hearing.

As to notice for the initial disciplinary hearing, Plaintiff states a violation of due process claim. However, Plaintiff does not attribute this lack of notice to a named Defendant. Plaintiff states that Defendant Ciufo prepared a memo regarding special management unit placement and that Defendant Rios signed that memo. This does not appear to have anything to do with Plaintiff's initial disciplinary hearing or any notice that he should have received. Plaintiff will be given one additional opportunity to amend this claim and attribute the failure to receive notice to a named Defendant.

As to the retention in ad-seg, Plaintiff states a violation of due process claim for the failure of Defendants to allow Plaintiff the opportunity to attend the periodic review hearings

7

held every thirty days. Bureau of Prison Regulation 28 C.F.R. § 541.22(c)(1) (2009) appears to afford Plaintiff the opportunity to appear before the Segregation Review Official every thirty days. However, again, Plaintiff does not attribute this action (or inaction) to any named Defendant. He states that he was not allowed to attend the special review hearings, which occurred every thirty days, regarding his placement in ad-seg. Plaintiff does not state who was responsible for this failure. Thus, he will be given one additional opportunity to attribute this due process violation to a named Defendant.

Plaintiff also claims that his due process rights were violated because he was not allowed to attend the weekly review meetings. He states that all three Defendants attended weekly meetings to review inmate's placement and status. However, pursuant to Bureau of Prison Regulation 28 C.F.R. § 541.22 (2009), these weekly status review meetings were to be held in the inmate's absence. Thus, Plaintiff does not need to be afforded an opportunity to be present during these meetings.

**B.   Cruel & Unusual Punishment**

Plaintiff alleges an Eighth Amendment violation.

However, segregated confinement, in and of itself, is not a per se violation of the Eighth Amendment's protection against cruel and unusual punishment. According to his complaint, Plaintiff was confined in administrative segregation for, as far as the Court can determine, over one year. The United States Court of Appeals has found that administrative segregation for a period as long as three years was not per se unconstitutional. In re: Long term Admin. Segregation of Inmates, 174 F.3d 464, 471-72 (4th Cir.), cert. denied, 528 U.S. 874 (1999).

8

Plaintiff has again failed to allege sufficient facts to maintain an Eighth Amendment claim. Thus, the Court finds that amendment of this claim would be futile. Plaintiff was previously notified of the relevant legal standard and the deficiencies in his prior complaint. The Court explicitly told Plaintiff to use greater detail to describe the conditions of his confinement. His First Amended Complaint contains no allegations that are materially different than those contained in his previous complaints regarding this incident. In fact, Plaintiff has included fewer details in the instant version. Because Plaintiff's First Amended Complaint again fails to state an Eighth Amendment claim, the Court will dismiss this claim without further leave to amend.

**D.     Personal Participation and Supervisory Liability**

Plaintiff states that Defendant Rios had the authority to deny Defendant Ciufo's special housing placement referral, but failed to do so and that Defendant Gonzalez had the authority and duty to make sure Defendant Ciufo performed in a professional and responsible manner, which he failed to do. Plaintiff appears to be arguing that both Defendants Rios and Gonzalez should be held liable for the conduct of their subordinate, Defendant Ciufo.

Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each

government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate

indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, ___ F.3d ___, 2011 WL 477094, *4, (9th Cir. Feb. 11, 2011).

Again, Plaintiff has not alleged facts demonstrating that any of the Defendants personally acted to violate his rights. In fact, Plaintiff fails to attribute any of the unconstitutional actions to the named Defendants. Upon amendment of his Complaint, he needs to specifically link a Defendant to the violations of his due process rights.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint has stated a claim; however, Plaintiff has failed to attribute responsibility for the violations to a named Defendant. The Court will provide Plaintiff time to file an amended complaint to address this deficiency. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants unless the additional defendants are responsible for the violations. Plaintiff should focus the amended complaint on the due process claims and defendants discussed herein and attribute

11

responsibility for the violations.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-1207-AWI-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   May 23, 2011

UNITED STATES MAGISTRATE JUDGE