# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HECTOR A. RIOS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:10-cv-01207-AWI-GBC (PC)<br><br>ORDER FINDING COGNIZABLE DUE PROCESS CLAIMS AGAINST DEFENDANTS RIOS, CIUFO, GONZALEZ, PUTNAM, MORGAN, AND EBER<br><br>(ECF No. 14) |

**ORDER**

**I.　PROCEDURAL HISTORY**

Plaintiff Christian Williams ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff originally filed this action on July 6, 2010. (ECF No. 1.) This Court dismissed that complaint with leave to amend. (ECF No. 11.) Plaintiff filed his First Amended Complaint on May 12, 2011, which was also dismissed with

leave to amend.  (ECF Nos. 12 & 13.)  Plaintiff then filed a Second Amended Complaint. (ECF No. 14.)  No other parties have appeared.

Plaintiff's Second Amended Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has stated a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III. SUMMARY OF COMPLAINT

Plaintiff appears to be claiming violations of his due process rights. Plaintiff names the following individuals as Defendants: Hector A. Rios, Warden; Jacqueline Ciufo, Unit Manager; Jessie Gonzalez, Administrative Assistant, S. Putnam, Lieutenant (SHU); Z. Morgan, Lieutenant (SHU), and D. S. Eber, Lieutenant (SHU). All Defendants were employed at United States Penitentiary Atwater at the time of the incident.

Plaintiff alleges the following: On June 22, 2009, Plaintiff was placed in segregation for possession of a weapon, and subsequently, sentenced to 60 days disciplinary segregation. On July 7, 2009, Defendant Ciufo prepared a memo, which was signed by Defendant Rios, recommending Plaintiff's referral to a special management unit. Plaintiff did not receive a copy of this referral which included disciplinary infractions from prior institutions and the new charge from either Defendant. On August 6, 2009, a hearing was held to determine Plaintiff's placement in a special management unit. Plaintiff did not receive any notice prior to this hearing and, thus, could not adequately defend himself. The hearing officer found special management unit placement appropriate.

On August 31, 2009, after completing his disciplinary segregation sentence, Plaintiff continued to be retained in administrative segregation ("ad-seg"). Plaintiff was retained in ad-seg for over one year without attending a special review hearing, which occurred every 30 days.

On September 28, 2010, Plaintiff was transferred to a different institution which is a special management unit.

Plaintiff seeks immediate release to the general population or a transfer to the general population of another institution, and monetary compensation for every day spent

in segregation/special management unit.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that Defendants Rios, Ciufo, Gonzalez, Putnam, Morgan, and Eber violated his rights of due process.

Because Plaintiff is a federal prisoner, his claim for denial of his right to due process arises under the Fifth rather than the Fourteenth Amendment, however, the standard remains the same. United States v. Nagel, 559 F.3d 756, 759-60 (7th Cir. 2009) The guarantees of procedural due process under the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995). The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (finding no due process claim based on plaintiff's placement in Disciplinary Segregation Unit pending disciplinary hearing because plaintiff had no liberty

interest in freedom from state action taken within sentence imposed, and finding that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (finding no protected liberty interest in being free from confinement in the Segregated Housing Unit ("SHU") because placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life).  Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).  The Court considers three guideposts in framing the inquiry:  (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner

5

to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. Prison officials also must engage in some sort of periodic review of an inmate's confinement in segregation, Hewitt, 459 U.S. at 477 n. 9; Toussaint, 801 F.2d at 1101, which must amount to more than "meaningless gestures." Toussaint v. Rowland, 711 F.Supp. 536, 540 n. 11 (N.D.Cal. 1989).

However, challenging the sufficiency of procedures employed in initially placing a prisoner in the secured housing unit is different from challenging the sufficiency of procedures used in determining whether to retain a prisoner in administrative segregation. See Hewitt, 459 U.S. at 477 n. 9, overruled on other grounds by Sandin, 515 U.S. 472; Toussaint, 801 F.2d at 1101; Sheley v. Dugger, 833 F.2d 1420 (11th Cir. 1987). As the United State Supreme Court noted in dicta:

> Prison officials must engage in some sort of periodic review of the confinement of [administratively segregated] inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have been ascertained when determining to confine the inmate to administrative segregation-and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner.

Hewitt, 459 U.S. at 477 n.9, overruled on other grounds by Sandin, 515 U.S. 472. Periodic reviews that a prisoner receives while being held in the administrative segregation unit are sufficient procedural protections to satisfy the Due Process Clause. See Hewitt, 459 U.S. at 477 n. 9, overruled on other grounds by Sandin, 515 U.S. 472; Toussaint, 801 F.2d at 1101 (instructing that while prison officials must engage in some sort of periodic

6

review of the confinement of prisoners held in administrative segregation, this review does not require that prison officials permit the submission of additional evidence or statements); Black v. Parke, 4 F.3d 442, 447-48 (6th Cir. 1993); Sheley v. Dugger, 833 F.2d 1420 (11th Cir. 1987); Pina v. McGrath, 299 Fed.Appx. 726, 727 (9th Cir. 2008) (unpublished); see also McKeithan v. Beard, 322 Fed.Appx. 194, 199 (3d Cir. 2009) (unpublished).

Plaintiff states that he was placed in segregation for possession of a weapon; that he was given 60 days disciplinary segregation; then given another hearing regarding determination of placement in a special management unit; did not receive notice of that hearing or a copy of the memorandum recommending transfer to a special management unit; and was held in ad-seg for a year without being allowed to attend any review hearings. Plaintiff states that because he did not receive notice of the placement hearing or the memorandum recommending placement, he was not afforded the opportunity to prepare an adequate defense, which was especially important because his entire disciplinary history was brought into the hearing.

As to notice and copy of the memo for the hearing, Plaintiff states a violation of due process claim. Plaintiff states that Defendants Ciufo prepared a memo regarding special management unit placement and that Defendant Rios signed that memo. He further states that he did not receive notice of the hearing. Plaintiff contends that either of these Defendants or Defendant Gonzalez should have given him a copy of the memo or notice of the hearing, but failed to do so. Plaintiff also alleges that Defendants Putnam, Morgan, and Eber should have given Plaintiff notice of the hearing. Plaintiff has stated a due process claim against Defendants Ciufo, Rios, Gonzalez, Putnam, Morgan, and Eber for

failure to give Plaintiff a copy of the memo and failure to give Plaintiff notice of the hearing.

As to Plaintiff's retention in ad-seg, Plaintiff states a violation of due process claim for the failure of Defendants to allow Plaintiff the opportunity to attend a periodic review hearings.  Plaintiff states that Defendants Putnam, Morgan and Eber failed to afford Plaintiff the opportunity to attend special review hearings, regarding his placement in ad-seg.  Thus, Plaintiff has stated a claim against Defendants Putnam, Morgan, and Eber for failure to afford Plaintiff the opportunity to attend review hearings in violation due process.

## V.     CONCLUSION AND ORDER

Plaintiff has stated cognizable due process claims against Defendants Ciufo, Rios, Gonzalez, Putnam, Morgan, and Eber for failure to give Plaintiff a copy of the memo and failure to give Plaintiff notice of the hearing.  Plaintiff has also stated due process claims against Defendants Putnam, Morgan, and Eber for failure to afford Plaintiff the opportunity to attend review hearings.

Accordingly, service documents will be issued and the United States Marshal will be ordered to effectuate service.

IT IS SO ORDERED.

Dated:    July 13, 2011

UNITED STATES MAGISTRATE JUDGE