1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CHRISTIAN WILLIAMS,                       CASE NO.    1:10-cv-01207-AWI-GBC (PC)

10                    Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING GRANTING
11        v.                                 DEFENDANTS' MOTION TO DISMISS AND
                                             DISMISSING PLAINTIFF'S SECOND DUE
12  HECTOR A. RIOS, et al.,                  PROCESS CLAIM, WITHOUT PREJUDICE,
                                             FOR FAILURE TO EXHAUST
13                                           ADMINISTRATIVE REMEDIES

14                    Defendants.            Doc. 24

15  _____/       OBJECTIONS DUE WITHIN THIRTY DAYS

16

17                        **Findings and Recommendations**

18                **I. Procedural History and Plaintiff's Allegations**

19        On July 6, 2010, Plaintiff Christian Williams ("Plaintiff"), a federal prisoner proceeding pro

20  se and in forma pauperis, filed a complaint in the United States District Court for the District of

21  Columbia, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

22  U.S. 388 (1971). Doc. 1.

23        From January 2008 until September 2010, Plaintiff was incarcerated at USP Atwater.[1] Defs.

24  Mem. Mot. Dismiss at 2, Doc. 24-1. In Plaintiff's second amended complaint, he names Hector A.

25  Rios, Warden; Jacqueline Ciufo, Unit Manager; Jessie Gonzalez, Administrative Assistant; S.

26  Putnam, Lieutenant (SHU); Z. Morgan, Lieutenant (SHU); and D. S. Eber, Lieutenant (SHU); who

27

28        _____
          [1] Plaintiff is currently incarcerated at Federal Correctional Complex in Oakdale, Louisiana. Pl. Opp'n at 3, Doc. 25.

1  were all employed at USP Atwater. 2d Am. Compl. at 3, Doc. 14.

2    On June 22, 2009, Plaintiff was placed in segregation for possession of a weapon and

3  subsequently given sixty days in disciplinary segregation. *Id.* at 4. On July 7, 2009, Unit Manager

4  Ciufo filed a memorandum to Warden Rios for referral to Special Management Unit ("SMU"). *Id.*

5  Defendants Ciufo and Rios did not notify Plaintiff of the memorandum or provide Plaintiff with a

6  copy. *Id.* The memorandum contained disciplinary infractions from a prior institution and a charge

7  for which Plaintiff received a forty-five month sentence in the District Court of Louisiana. *Id.*

8    On August 4, 2009, Warden Rios received a notice for hearing referral to SMU from

9  Regional Director Robert McFadden. *Id.* Warden Rios, Ciufo, Putnam, Eber, Morgan, and Gozalez,

10  who were all involved in the referral process, failed to give Plaintiff notice of the hearing. *Id.*

11    On August 6, 2009, Plaintiff had a SMU referral hearing without any prior notice. *Id.* The

12  SMU hearing only addressed three disciplinary infractions Plaintiff received while in USP Atwater.

13  *Id.* at 5. The hearing administrator recommended Plaintiff for SMU based on Plaintiff's disciplinary

14  history since his entrance in the BOP. *Id.* Plaintiff was unable to prepare a defense because Ciufo

15  and Rios failed to provide Plaintiff with the July 7, 2009 memorandum. *Id.*

16    After completing disciplinary segregation, Plaintiff was held in administrative segregation

17  from August 31, 2009 until September 28, 2010, without notice or hearing. *Id.* Putnam, Eber, and

18  Morgan did not give Plaintiff the opportunity to attend the review hearings every thirty days. *Id.* On

19  September 28, 2010, Plaintiff was transferred to USP Lewisburg SMU, which is an extension of the

20  SHU. *Id.* For relief, Plaintiff seeks immediate release to general population and $200 per day spent

21  in segregation / SMU *Id.* at 6.

22    On July 6, 2010, Plaintiff initiated this action. Doc. 1. In his complaint, he stated he

23  exhausted administrative remedies. *Id.* at 2. On May 12, 2011, Plaintiff filed a first amended

24  complaint. Doc. 12. In Plaintiff's amended complaint, he stated he was denied relief on every level

25  of the administrative remedy process. *Id.* at 2.

26    On June 16, 2011, Plaintiff filed a second amended complaint. Doc. 14. In Plaintiff's second

27  amended complaint, he states he exhausted administrative remedies. *Id.* at 2.

28    On July 14, 2011, the Court found two (2) cognizable Fifth Amendment due process claims

against Defendants for (1) failure to provide notice of his SMU placement hearing and for (2) failure to provide periodic review hearings while in administrative segregation ("ad-seg"). Doc. 15. On October 11, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 23. On November 22, 2011, Defendants filed a motion to dismiss Plaintiff's second due process claim, for failure to exhaust administrative remedies. Doc. 24. On December 9, 2011, Plaintiff filed an opposition to Defendants' motion to dismiss. Doc. 25. On December 16, 2011, Defendants filed a reply. Doc. 28.

## II. Motion to Dismiss for Exhaustion Of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Bureau of Prisons ("BOP") has established an administrative remedy procedure which allows federal prisoners to seek non-judicial review of

any aspect of their imprisonment. *See* 28 C.F.R. §§ 542.10 through 542.19. The Administrative Remedy Program entails three steps. 28 C.F.R. § 542 et seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before filing an administrative appeal. 28 C.F.R. § 542.13. If dissatisfied with the response, the prisoner may proceed with the formal filing of an administrative remedy request on a BP-9 form. 28 C.F.R. § 542.14(a). Upon denial by the institution, the prisoner may appeal the decision by filing a BP-10 Appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15(a). The Regional Director's decision can then be appealed by submitting a BP-11 Appeal to the BOP General Counsel in Washington, D.C., which constitutes the final step in the administrative remedy process. *Id.*

Of course, an inmate who wishes to utilize the BOP's Administrative Remedy Program must comply with certain procedural rules and deadlines. *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline). Federal inmates must file an initial administrative remedy request within twenty calendar days from the date on which the basis for the request occurred. 28 C.F.R. §542.14(a). To appeal a decision of the Regional Director, the prisoner must seek review from the General Counsel within thirty calendar days of the Regional Director's response. 28 C.F.R. §542.15(a). Although the procedure sets forth deadlines at each step of the administrative remedy program, extensions in filing time may be granted. 28 C.F.R. §§ 542.14(b); 542.15(a). An inmate whose appeal is rejected for procedural errors may also be given additional time to correct the defects in his filing. 28 C.F.R. §542.17(b). Even if the prisoner's appeal is rejected as untimely, he is still entitled to appeal that rejection to the next level of administrative review. 28 C.F.R. §542.17(c). Still, any difficulties which the prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the administrative agency for review. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed

issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

On April 29, 2010, Plaintiff filed Administrative Remedy number 574649-A3, challenging his notice of the SMU hearing, which is Plaintiff's first due process claim in this case. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply, Vickers Decl. at 3, 6, Doc. 28-3. On May 19, 2010, the administrator of inmate appeals denied Plaintiff's appeal. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply, Vickers Decl. at 10, Doc. 28-3. This appeal encompassed Plaintiff's first due process claim, regarding placement in the SMU, but this appeal did not mention the issue of periodic segregation reviews for the time spent in Administrative Detention at USP Atwater, which is Plaintiff's second due process claim in this case. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply, Vickers Decl. at 3-4, 6-10, Doc. 28-3. There is no record that Plaintiff filed an appeal for his second due process claim regarding periodic reviews. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply, Vickers Decl. at 3-4, Doc. 28-3.

In Plaintiff's opposition, he states that in May 2010, Plaintiff personally handed a grievance form (BP-11) to Defendant Ciufo. *See* Pl. Opp'n. at 2, Doc. 25. Plaintiff states that Ciufo assured him that she had forwarded his grievance (BP-11). *Id.* After two months with no response, Plaintiff filed his complaint in this case. *Id.* Plaintiff contends that the Court should deny Defendants' motion to dismiss his second due process claim since Defendants lied to him and it is now clear that Ciufo improperly disposed of Plaintiff's grievance. *Id.*

("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") *See Booth*, 532 U.S. at 741 n.6. *See also Douglas v. Johns*, 2011 WL 2173627, at *2 (E.D. N.C. June 2, 2011) (Regional Director's failure to respond to grievance did not excuse exhaustion; under section 542.18 "plaintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to properly exhaust his remedies"); *Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011), adopted, 2011 WL 3022531 (S.D. Miss. July 22, 2011) (federal inmate who did not receive response to informal resolution request, but

1   who did not appeal to next level of review, did not exhaust); *Crum v. Attorney General*, 2007 WL

2   781935, at *6 (S.D. W. Va. Mar.13, 2007), aff'd, 282 Fed. App'x 223 (4th Cir. 2008) ("The

3   Regional Office's failure to provide a response to his administrative remedy appeal does not excuse

4   an inmate from proceeding to the next step of the administrative remedy process . . ."); *see also*

5   *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003)

6   (exhaustion not excused where director of corrections informed prisoner how to proceed when

7   prisoner did not receive response from warden, but prisoner did not follow that procedure). A

8   plaintiff must file a new administrative challenge to an allegedly improper screen-out of his appeal.

9   *See* Cal. Code Regs. tit. 15, § 3084.1. *See White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (if

10  prisoner does not receive timely response to grievance, and higher-stage appeal is available, then

11  prisoner must file an appeal in order to exhaust claim).

12      After Plaintiff did not receive a response to his BP-11, he was not permitted to determine

13  exhaustion futile, but was obligated to treat his grievance as denied and file an appeal, in accordance

14  with *Booth*, 532 U.S. at 741 n.6.

15      In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies

16  is necessary." *Ngo*, 548 U.S. at 84. While the Supreme Court recognized that this may be harsh, it

17  noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with

18  numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court

19  recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece

20  of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion

21  provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district

22  court, but is mandatory." *Id.* at 85.

23      There is no record before this Court that Plaintiff pursued an appeal for his second due

24  process claim regarding periodic reviews while in Administrative Detention, in accordance with

25  requirements for exhaustion. Thus, Plaintiff failed to exhaust all his mandatory administrative

26  remedies against Defendants prior to initiating this action, which requires mandatory dismissal of

27  his second due process claim, in accordance with § 1997e(a) and *Ngo*.

28  //

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss Plaintiff's second due process claim, is GRANTED;

2.      Plaintiff's due process claim alleging failure to provide periodic review hearings while in administrative detention is DISMISSED, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and

3.      This action shall proceed solely on Plaintiff's first due process claim for failure to provide notice of his Special Management Unit placement hearing.


These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 17, 2012

                                                        UNITED STATES MAGISTRATE JUDGE