# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,  | CASE NO. 1:10-cv-01207-AWI-GBC (PC) |
| Plaintiff, | ORDER PROVIDING PLAINTIFF OPTION TO (1) STAND ON EXISTING OPPOSITION OR (2) FILE AMENDED OPPOSITION PER SEPARATELY-ISSUED AMENDED SECOND INFORMATIONAL ORDER AND NOTICE |
| v. | |
| HECTOR A. RIOS, et al., | |
| Defendants. | Doc. 25 |
| / | TWENTY-ONE DAY DEADLINE |

**I. Procedural History**

On July 6, 2010, Plaintiff Christian Williams ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1.

On June 16, 2011, Plaintiff filed a second amended complaint, naming Defendants Hector A. Rios, Jacqueline Ciufo, Jessie Gonzalez, S. Putnam, Z. Morgan, and D. S. Eber ("Defendants"), who were employed at USP Atwater. 2d Am. Compl. at 3, Doc. 14. On July 14, 2011, the Court found two (2) cognizable Fifth Amendment due process claims against Defendants for (1) failure to provide notice of his SMU placement hearing and for (2) failure to provide periodic review hearings while in administrative segregation. Doc. 15.

On October 11, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative

remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Woods v. Carey*, --- F.3d ---, 2012 WL 2626912 (9th Cir. July 6, 2012) and *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 23. On November 22, 2011, Defendants filed a Motion to Dismiss Plaintiff's Second Due Process Claim, for failure to exhaust administrative remedies. Doc. 24. On December 9, 2011, Plaintiff filed an Opposition to Defendants' motion to dismiss. Doc. 25. On December 16, 2011, Defendants filed a Reply. Doc. 28. On April 17, 2012, the Court issued Findings and Recommendations, recommending granting the Defendants' motion to dismiss Plaintiff's second due process claim, for failure to exhaust administrative remedies. Doc. 29. Plaintiff did not file objections.

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). October 11, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 23. On November 22, 2011, Defendants filed a motion to dismiss. Doc. 24. Although there was only approximately a one (1) month delay between providing notice and the filing of Defendants' motion, the Court will issue this amended second informational order to Plaintiff, in accordance with *Woods*.

## III. Order Providing Plaintiff Option to (1) Stand on Existing Opposition or (2) File Amended Opposition Per Amended Second Informational Order and Notice

In light of the separately-issued amended second informational order and notice pursuant to *Woods*, the Court will provide Plaintiff with two options upon receipt of the notice and this order. Plaintiff may either (1) <u>stand</u> on his previously-filed opposition or (2) <u>withdraw</u> the existing opposition and <u>file an amended</u> opposition.

//

//

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff may elect to:

    a. <u>Stand</u> on his existing opposition already submitted to the Court; or

    b. <u>Withdraw</u> his opposition and <u>file an amended</u> opposition;

2. If Plaintiff does not elect to file an amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition in resolving Defendant's motion to dismiss;

3. If Plaintiff elects to file an amended opposition, the Court will not consider Defendant's existing reply; and

4. Defendant may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   July 18, 2012

UNITED STATES MAGISTRATE JUDGE