**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR A. RIOS, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:10-cv-01207-AWI-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S SECOND DUE PROCESS CLAIM, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>Docs. 24, 29 |

**I. Procedural History**

On July 6, 2010, Plaintiff Christian Williams ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a complaint in the United States District Court for the District of Columbia, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 16, 2011, Plaintiff filed a second amended complaint, naming Defendants Hector A. Rios, Jacqueline Ciufo, Jessie Gonzalez, S. Putnam, Z. Morgan, and D. S. Eber ("Defendants"), who were employed at USP Atwater. 2d Am. Compl. at 3, Doc. 14. On July 14, 2011, the Court found two (2) cognizable Fifth Amendment due process claims against Defendants for (1) failure to provide notice of his SMU placement hearing and for (2) failure to provide periodic review hearings while in administrative segregation. Doc. 15.

1    On October 11, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 23. On November 22, 2011, Defendants filed a Motion to Dismiss Plaintiff's Second Due Process Claim, for failure to exhaust administrative remedies. Doc. 24. On December 9, 2011, Plaintiff filed an Opposition to Defendants' motion to dismiss. Doc. 25. On December 16, 2011, Defendants filed a Reply. Doc. 28. On April 17, 2012, the Magistrate Judge issued Findings and Recommendations, recommending granting the Defendants' motion to dismiss Plaintiff's second due process claim, for failure to exhaust administrative remedies. Doc. 29. Plaintiff did not file objections.

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). On July 18, 2012, the Court issued an amended second informational order to Plaintiff, in accordance with *Woods*, and provided Plaintiff with twenty-one (21) days to stand on his existing opposition or withdraw his opposition and file an amended opposition. Docs. 31, 32. The Court notified Plaintiff that if he does not elect to file an amended opposition in response to the order within twenty-one (21) days, the Court will consider his existing opposition in resolving Defendants' motion to dismiss. Doc. 31. Plaintiff did not submit a response. Thus, the Court will decide Defendants' motion on Plaintiff's existing opposition.

## III. Analysis

On April 29, 2010, Plaintiff filed an inmate appeal, challenging his notice of the SMU hearing, which is Plaintiff's first due process claim in this case. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply, Vickers Decl. at 3, 6, Doc. 28-3. On May 19, 2010, the administrator of inmate appeals denied Plaintiff's appeal. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply, Vickers Decl. at 10, Doc. 28-3. This appeal encompassed Plaintiff's first due process claim,

1 regarding placement in the SMU, but this appeal did not mention the issue of periodic segregation
2 reviews for the time spent in Administrative Detention at USP Atwater, which is Plaintiff's second
3 due process claim in this case. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see also* Reply,
4 Vickers Decl. at 3-4, 6-10, Doc. 28-3. There is no record that Plaintiff filed an appeal for his second
5 due process claim regarding periodic reviews. *See* Mot. Dismiss, Vickers Decl. at 4, Doc. 24; *see*
6 *also* Reply, Vickers Decl. at 3-4, Doc. 28-3.

7 In Plaintiff's opposition, he states that in May 2010, Plaintiff personally handed a grievance
8 form (BP-11) to Defendant Ciufo. *See* Pl. Opp'n. at 2, Doc. 25. Plaintiff states that Ciufo assured
9 him that she had forwarded his grievance (BP-11). *Id.* After two months with no response, Plaintiff
10 filed his complaint in this case. *Id.* Plaintiff contends that the Court should deny Defendants' motion
11 to dismiss his second due process claim since Defendants lied to him and it is now clear that Ciufo
12 improperly disposed of Plaintiff's grievance. *Id.* In Plaintiff's original complaint, first amended
13 complaint, and second amended complaint, he stated he exhausted administrative remedies. Docs.
14 1, 12, 14. Plaintiff did not make any allegations of possible defendant interference with regard to
15 exhaustion until filing his opposition. *See id.* In Defendants' reply, Defendant Ciufo submitted a
16 declaration stating that she does not recall having ever received an appeal from Plaintiff and that she
17 never destroyed or "improperly disposed" of his appeal. Reply, Ciufo Decl. at 2-3, Doc. 28-1.

18 In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may
19 look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20 (cited in
20 *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010)).

21 Plaintiff allegations do not establish that he was prohibited from exhausting his
22 administrative remedies. Once Plaintiff did not receive a response or was met with delay, Plaintiff
23 was not permitted to determine exhaustion futile, but was obligated to file an appeal.

24 > If the inmate does not receive a response [ to an appeal] within the
25 > time allotted for reply, including extension, the inmate may consider
> the absence of a response to be a denial at that level . . . When the
> inmate demonstrates a valid reason for delay, these time limits may
26 > be extended . . . Where the inmate demonstrates a valid reason for
> delay, an extension in filing time may be allowed. In general, valid
27 > reason for delay means a situation which prevented the inmate from
> submitting the request within the established time frame. Valid
28 > reasons for delay include the following: an extended period in-transit

        during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.

28 C.F.R. §§ 542.14(b); 542.15(a); 542.18. Thus, the Code of Federal Regulations (C.F.R.) has outlined the procedure and steps for Plaintiff to follow when he experiences a delay or lack of response to his appeal. The C.F.R. instructs Plaintiff to treat any delay or lack of response as a denial and to proceed to the next level. Plaintiff elected to file a complaint in this Court instead of filing an appeal at the next level, which is contrary to the exhaustion requirements of 42 U.S.C. § 1997e(a).

In *Woodford v. Ngo*, 548 U.S. 81, 84, 90, 94 (2006), the Supreme Court held that "full and proper exhaustion of administrative remedies is necessary, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." While the Supreme Court recognized that this may be harsh, it noted that "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91, 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

Plaintiff did not take the proper steps to pursue an appeal for his second due process claim regarding periodic reviews while in Administrative Detention, in accordance with requirements for exhaustion. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal of his second due process claim, in accordance with § 1997e(a) and *Ngo*.

//
//
//
//

### IV. Conclusion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 17, 2012, are ADOPTED, in full;
2. Defendants' motion to dismiss Plaintiff's second due process claim is GRANTED;
3. Plaintiff's second due process claim alleging failure to provide periodic review hearings while in administrative detention is DISMISSED, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a);
4. This action shall proceed solely on Plaintiff's first due process claim for failure to provide notice of his Special Management Unit placement hearing; and
5. Defendants are required to file an answer to Plaintiff's second amended complaint within twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   August 24, 2012

CHIEF UNITED STATES DISTRICT JUDGE