# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>              Plaintiff,<br><br>      v.<br><br>HECTOR A. RIOS, et al.,<br><br>              Defendants. | 1:10cv01207 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(Document 37)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Christian Williams, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), on July 6, 2010.  Plaintiff is proceeding on his June 6, 2011, Second Amended Complaint for violation of due process against Defendants USP Atwater Warden Hector A. Rios, Unit Manager Jacqueline Ciufo, Administrative Assistant Jessie Gonzalez, Lieutenant S. Putnam, Lieutenant Z. Morgan, and Lieutenant D. S. Eber.

Defendants filed the instant Motion for Summary Judgment on March 13, 2013.[1]  Plaintiff failed to file an opposition or statement of non-opposition despite the Court's April 15, 2013, order to do so.  Defendants filed a reply on May 30, 2013.  Accordingly, pursuant to Local Rule 230(l), the motion is deemed submitted.

---

[1] In Defendants' March 13, 2013, notice, filed concurrently with their Motion for Summary Judgment, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-412 (9th Cir. 1988).

1

## I. LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586, n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002); T.W. Elec. Serv.,

Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

The instant motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95 & n. 4 (9th Cir.1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Henry v. Gill

Industries, Inc., 983 F.2d 943, 950 (9th Cir.1993) (same).

## II.     UNDISPUTED FACTS

Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed.  Local Rule 260(b).  Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

### A.     The Special Management Unit Referral Process

A Special Management Unit ("SMU") is a non-punitive, multi-phase program for inmates who require greater management due to significant disciplinary histories, and who have been unable to function in the general inmate population.  DeVore Decl., Ex. A.  When an inmate appears to satisfy criteria for SMU placement, the Unit Team sends a redesignation referral packet to the Warden.  If the Warden approves the referral, it is submitted to the Bureau of Prisons ("BOP") Regional Director.  If the Regional Director determines that there is sufficient evidence to convene a hearing, the director appoints a Hearing Officer to conduct a hearing into whether a SMU designation is appropriate.  DeVore Decl., Ex. A.

Next, the Hearing Officer completes the form BP-A0935, Notice to Inmate: Hearing Referral For Designation to a Special Management Unit (the "Notice") and sends it to the inmate's institution, where the Unit Team provides a copy to the inmate.  DeVore Decl., Ex. A.  The Notice must contain the date and time of the hearing, advise the inmate of the opportunity to appear at the hearing, provide a sufficiently detailed explanation of the reasons for referral, and inform the inmate that a staff member will be available for assistance.  DeVore Decl. Ex. A.  Upon consideration of all evidence, the Hearing Officer determines whether a SMU referral is appropriate.  The decision is sent to the Regional Director for further review, and if it is upheld, the inmate will be processed for transfer to a SMU.  DeVore Decl., Ex. A.

B.     Plaintiff's Referral

Plaintiff is currently housed at the United States Penitentiary ("USP") at Big Sandy, Kentucky, and is serving a total aggregated sentence of 525 months. Vickers Decl. ¶ 2.

On January 18, 2008, Plaintiff was designated to USP Atwater, where the events at issue occurred. Vickers Decl. ¶ 2.

On July 7, 2009, Unit Manager Defendant Ciufo prepared a memorandum designating Plaintiff for a SMU referral based on two incident reports relating to possession of a dangerous weapon within the past six months. Karge Decl., Ex. A. Defendant Ciufo reported that Plaintiff's institutional adjustment had worsened and his behavior had adversely impacted the orderly running of USP Atwater. Karge Decl., Ex. A. The memorandum indicated that Plaintiff had three incidents of assaulting persons while at USP Pollock, and shortly after his arrival at USP Atwater, he was cited with possession of a weapon. Karge Decl., Ex. A.

On August 4, 2009, the Western Regional Director of the BOP approved the request for a SMU transfer hearing. The hearing was set for August 6, 2009. On August 3, 2009, the Hearing Officer's designee signed the Notice informing Plaintiff of the August 6, 2009, hearing. DeVore Decl., Ex. B.

On August 6, 2009, Hearing Officer DeVore conducted a hearing. Plaintiff testified that he was trying to break up a fight during one incident, but he admitted to three other incidents, all involving weapons at USP Atwater. Plaintiff also admitted to earlier assaults at USP Pollock in 2007. DeVore Decl., Ex. B, Ex. C.

After considering the evidence, Hearing Officer DeVore recommended that Plaintiff be transferred to a SMU because he admitted to the three incidents at USP Atwater, all of which were serious, violent incidents. DeVore Decl., Ex. B. The Western Regional Director was then provided with the referral package and recommended placement of Plaintiff into a SMU. Karge Decl., Ex. A.

On October 4, 2012, Plaintiff was designated to the USP in Lewisburg, Pennsylvania. Vickers Decl. ¶ 2.

## III.   DISCUSSION

### A.   Legal Standard

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by prison regulations. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, (1995)) (quotation marks omitted). Such liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In instances of transfer to a SMU, due process generally requires that the inmate receive notice of the referral, the basis for the referral, an opportunity to present evidence on his behalf and a written statement supported by some evidence. Superintendent v. Hill, 472 U.S. 445, 454-56 (1985); Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), abrogated in part on other grounds by Sandin, 515 U.S. 472.

### B.   Analysis

Plaintiff's complaint alleges that Defendants failed to provide him with (1) a copy of the July 7, 2009, memorandum written by Defendant Ciuto; and (2) a copy of the August 4, 2009, Notice to Inmate. He contends that the failure to provide him with notice hindered his ability to prepare his defense. Plaintiff does not challenge any other aspect of his SMU referral.

As an initial matter, it is not clear to the Court that Plaintiff retains any due process rights in relation to SMU placement. In this case, Plaintiff's referral to a SMU was administrative in nature, and he was therefore entitled to less due process than if the referral was disciplinary in nature.

Toussaint, 801 F.2d at 1100-01 (in administrative segregation, prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation).

Nonetheless, assuming that Plaintiff is entitled to notice of the SMU referral, Plaintiff has not shown that a genuine dispute of material fact exists. In his verified complaint, Plaintiff contends that he did not receive any notice of the August 6, 2009, hearing. Compl. 5. However, as detailed below, Defendants have presented evidence that Plaintiff, on two occasions, acknowledged receipt the August 4, 2009, Notice. Plaintiff did not submit an opposition to dispute his prior acknowledgements, and Plaintiff's inconsistencies cannot be used to defeat summary judgment.

On August 4, 2009, at 6:00 p.m., the Notice was given to Plaintiff by Lieutenant Lepe. Lepe Decl. ¶ 2; DeVore Decl., Ex. B. Lieutenant Lepe signed the Notice on August 4, 2009, at 6:00 p.m., confirming that he delivered the Notice to Plaintiff. Plaintiff also acknowledged his receipt of the Notice, though he was unable to provide his signature because he was handcuffed. Lepe Decl. ¶ 2. The Notice includes a section to be completed if an inmate refuses to sign the acknowledgement, and this section was blank. DeVore Decl., Ex. B.

On August 6, 2009, Hearing Officer DeVore began the hearing by verbally confirming that Plaintiff had received the Notice at least 24 hours prior to the hearing. Plaintiff, who appeared by telephone, confirmed that he had received the Notice.[2] DeVore Decl. ¶ 4, Ex. B, Ex. C.

Defendants have met their burden of demonstrating the absence of a genuine issue of material fact by submitting evidence that Plaintiff acknowledged receipt of the Notice on two separate occasions. Plaintiff's bare assertion in his Second Amended Complaint that he did not receive notice does not create a dispute of fact sufficient to meet his burden. Defendants have provided more specific evidence of Plaintiff's confirmation that he received the Notice, and his failure to oppose the motion and specifically respond requires that summary judgment be granted in Defendants' favor.

---

[2] That Plaintiff did not receive a copy of the July 7, 2009, memorandum written by Defendant Ciufo is of no consequence where Plaintiff received the August 4, 2009, notice.

7

## IV.     FINDINGS AND RECOMMENDATIONS

Based on the above, the Court HEREBY RECOMMENDS that Defendants' Motion for Summary Judgment, filed on March 13, 2013, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may file a reply to the objections within fourteen (14) days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 2, 2013**                    /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE